**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

HARTFORD INSURANCE COMPANY,
a Connecticut corporation,

    Plaintiff/Counter-Defendant,

v.

RICHARD MILLER, SR., and
VIRGINIA MILLER,

    Defendants/Counter-Defendant.

and

RICHARD MILLER, SR., and
VIRGINIA MILLER,

    Plaintiffs,

v.

HARTFORD INSURANCE COMPANY,

    Defendant.
_____/

CASE NO: 04-CV-10314-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

**ORDER ON HARTFORD INSURANCE COMPANY'S
MOTION TO QUASH SUBPOENA**
(Dkt. 18)

    Pending, pursuant to an Order of Reference from U.S. District Judge David Lawson, is the above-entitled motion. Richard Miller, Sr., and Virginia Miller ("the Millers") have filed a response contesting a number of the allegations made in the motion. (Dkt. 21.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for decision without oral argument.

    On June 1, 2005, counsel for the Millers prepared a re-notice of the taking of the deposition of Eldon F. Beltz. An unsworn affidavit attached as an exhibit to the motion indicates that Mr. Beltz is employed by the Hartford Insurance Company ("Hartford") as a "general

adjuster," that he is neither an officer of Hartford nor a party named in this lawsuit, and that he regularly conducts business from his residence in Warren, Michigan. (Mot., Dkt. 18, Ex. 2.) The deposition was scheduled for June 9, 2005, at counsel's office in Indian River, Michigan. (*Id.*, Ex. 1.) The subpoena bears no indication that it was served upon Mr. Beltz. Instead, the subpoena is addressed to Mr. Beltz, "care of" Hartford's counsel, located in Grand Rapids, Michigan. Although the subpoena is not entitled as a "subpoena duces tecum," a request for production of documents is also attached. (*Id.*)

Counsel for Hartford moves to quash the subpoena, arguing that no other outcome is appropriate under the explicit provisions of Rule 45 of the Federal Rules of Civil Procedure. Counsel for Hartford argues that the method of service violated Rule 45(b)(1) and that the place of deposition is outside the limits allowed by Rule 45(b)(2). In response, counsel for the Millers argues that because Mr. Beltz made repeated trips to the Indian River area, he was regularly "transact[ing] business in person" within the meaning of Rule 45(c)(3) and that therefore Indian River was an appropriate situs for his deposition. Counsel for the Millers also disputes that counsel for Hartford has complied with the concurrence requirements set forth in Local Rule 7.1(a) prior to the filing of this motion.

Rule 45 succinctly sets forth the proper method of serving a subpoena upon one who is not a party:

> (1) A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law. . . .

FED. R. CIV. P. 45(b)(1). With similar clarity, the rule sets forth the appropriate place for the deposition of a non-party:

> (2) Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the

2

> subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena. . . .

FED. R. CIV. P. 45(b)(2).

There is no indication that Mr. Beltz has been named as a party in this case. In addition, there is no indication that Mr. Beltz was personally served with this subpoena or that he was tendered the witness fee required by Rule 45(b)(1). Counsel for Hartford correctly notes that Rule 45(c)(3)(A) states that "on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena" if, among other things, it "subjects a person to undue burden" or requires travel greater than 100 miles from the deponent's place of residence. Equally clear under this rule is the conclusion that a subpoena improperly served must also be quashed. Therefore, pursuant to Rule 45(c)(3)(A), this subpoena shall be quashed.

Review of the motion papers, however, also makes clear that the deposition of Mr. Beltz is a key step to the completion of discovery in this case. Although the deposition subpoena serving as the basis for the instant motion is defective, I conclude that counsel for the Millers should not be prohibited from attempting to properly serve a deposition notice upon this witness.

Accordingly, **IT IS ORDERED** that Hartford's motion to quash the subpoena directed to Eldon F. Beltz and dated June 1, 2005, is **GRANTED**, and that this subpoena is **QUASHED**. This order does not preclude counsel for the Millers from re-noticing the deposition of witness Beltz. Any subpoena issued for the re-noticed deposition shall be prepared and served in compliance with Rule 45. If documents are sought to be produced, the subpoena shall be in the form of a Subpoena Duces Tecum.

In addition, **IT IS RECOMMENDED** that the Court consider setting a deadline for the parties to agree upon a date, place and time for the deposition of Mr. Beltz. In the event the

parties are unable to agree upon acceptable terms for Mr. Beltz's deposition, I suggest the Court consider ordering the deposition taken at a place and time convenient for the Court.

Review of this Order is governed by 28 U.S.C. § 636(b)(1)(A) and E.D. Mich. LR 72.1(d)(1). Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                              s/ *Charles E Binder*
                                              CHARLES E. BINDER
Dated: June 29, 2005                         United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Michael T. Small, and served in the traditional manner on John E. Gannon and Lawrence P. Hanson.

Dated: June 29, 2005                                     By     s/Jean L. Broucek
                                                           Case Manager to Magistrate Judge Binder